UNITED STATES v. MANASSEE.

(Circuit Court of Appeals, Seventh Circuit.    June 22, 1893.)

No. 78.

CUSTOMS DUTIES—CLASSIFICATION—SHELL-COVERED OPERA GLASSES.
 Under Rev. St. § 2499, as amended in 1883, which declares that on non-enumerated "articles manufactured from two or more materials the duty shall be assessed at the highest rates at which the component material of chief value may be chargeable," shell-covered opera glasses, made of shell, metal, and glass, the shell constituting two-thirds of the value of the article, are dutiable at 25 per cent., as manufactures of which shell is the component material of chief value, and not at 45 per cent., as manufactures of metal and glass. Liebenroth v. Robertson, 12 Sup. Ct. Rep. 607, 144 U. S. 35, applied.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.    Affirmed.

Thomas E. Milchrist, for appellants.

P. L. Shuman, for appellee.

Before GRESHAM and WOODS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge.    The appellee, Louis Manassee, imported in August, 1890, a quantity of shell-covered opera glasses, manufactured from shell, metal, and glass.    Duty was paid on them at the rate of 25 per cent. ad valorem, as manufactures of which shell was the component material of chief value; but the collector at Chicago classified them as "manufactures of metal and glass," and liquidated the entry at 45 per cent. ad valorem, under Schedules B and C of the tariff act of March 3, 1883, (paragraphs 143, 216, Heyl's arrangement of the act.)

The question is whether they were properly dutiable as a manufacture of which shell was the component material of chief value, or, as the collector claimed, as a manufacture of metal or glass.    The circuit court decided in favor of the importer, reversing the finding of the appraisers, and the government took this appeal.    We think the judgment of the circuit court was correct and should be affirmed. The same judge had made a like decision in Young v. Spalding, 24 Fed. Rep. 87.    In that case, as in this one, the proof offered showed conclusively that shell is the chief component of value in the manufactured article.    The undisputed testimony is that the opera glasses in question were composed (in value) of six parts shell to two of glass and about one of metal.    It is admitted that the opera glasses were not dutiable under that name in the act of March 3, 1883, and the provisions of the statute under which the question in the case arises are as follows:    By section 6 of the act of March 3, 1883, c. 121, (22 Stat. 489, 491,) title 33 of the Revised Statutes was abrogated, and the following section substituted as section 2499:

"There shall be levied, collected and paid on each and every nonenumerated article which bears a similitude, either in material, quality, texture

or the use to which it may be applied to any article enumerated in this title as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned; and if any nonenumerated article resembles two or more enumerated articles on which different rates are chargeable, there shall be levied, collected and paid on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest duty; and on articles manufactured from two or more materials the duty shall be assessed at the highest rates at which the component material of chief value may be chargeable. If two or more rates of duty should be applicable to any imported article it shall be classified for duty under the highest of such rates: provided, that nonenumerated articles similar in material and quality and texture, and the use to which they may be applied, to articles on the free list, and in the manufacture of which no dutiable materials are used, shall be free."

### Schedule B (paragraph 143, Heyl) provides that:

"Porcelain and Bohemian glass, chemical glassware, painted glassware, stained glass and all other manufactures of glass or of which glass is the component material of chief value, not specially enumerated or provided for in this act, forty-five per centum ad valorem."

### Schedule C (paragraph 216, Heyl) provides that:

"Manufactures, articles, or wares, not especially enumerated or provided for in this act, composed wholly or in part of iron, steel, copper, lead, nickel, pewter, tin, zinc, gold, silver, platinum, or any other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem."

### Schedule N (Paragraph 486, Heyl) provides that:

"Shell, whole or parts of, manufactured, of every description not specially enumerated or provided for in this act, twenty-five per centum ad valorem."

We think this last provision fixing the rate of duty on shells at 25 per centum ad valorem, in connection with the foregoing provision, "that on all articles manufactured from two or more materials, the duties shall be assessed at the highest rates at which the component material of chief value may be chargeable," governs the case, and fixes the duty at 25 per centum ad valorem.

The case does not come under Schedule B, providing for "manufacture of glass, or of which glass shall be the component material of chief value," because, though partly manufactured from glass, glass forms but two out of nine parts of the entire value, the shell forming six parts out of the nine, and metal one part. Neither does the case fall under Schedule C, because, though composed in small part of metal, this is not the component part of chief value, and because the articles are more particularly provided for elsewhere in the same act.

I think the case is fairly ruled by that of Liebenroth v. Robertson, 144 U. S. 35, 12 Sup. Ct. Rep. 607. In that case the importer had imported photograph albums, which were charged at the rate of 30 per cent. ad valorem, as "manufactures of leather." The albums were composed of paper, leather, metal clasps, and plated clasps, but the paper constituted the component part of chief value, being in most cases worth as much as all the other component parts. Neither photograph albums nor albums of any kind were specified in the act. And the court held that they were properly dutiable as paper, at 15 per cent. ad valorem, under the provision that an article

manufactured from two or more materials the duty shall be assessed at the highest rate at which the component material of chief value may be chargeable. The judgment of the circuit court is affirmed.